Curia, per Frost, J.
Under the agreement, the plaintiff acquired a right of property and possession which may support an action of trover against the owner. This is the proper action when the plaintiff’s right of property and dominion is divested by the destruction or wrongful conversion of the property; and by it, he may recover equivalent damages for the injury he has sustained. By the agreement to hire, the plaintiff acquired not merely a special property, like that of a bailee for safe keeping or for carrying, which is subordinate to the bailor’s right of property and possession, but he acquired a temporary property in the negroes, and a right of possession against the defendant himself. In Parker vs. Patrick, 5 T. R. 175, the defendant’s goods had been fraudulently obtained from him, and pawned to the plaintiff, without any knowledge of the fraud. The defendant had procured the conviction of the pawner, and, by that means, possession of the goods. Judgment was rendered for the plaintiff. In Roberts vs. Wyatt, 2 Taunt. 277, on a contract for the sale of an estate, the vendor, according to the terms, had furnished the plaintiff, the vendee, with an abstract of his title. It was re-delivered by the plaintiff to the defendant, the attorney of the vendor, to consider and supply the objections to the title, which the plaintiff’s attorney had made in writing on the abstract. The defendant refused to restore it to the plaintiff, on demand. The action was supported, on the ground that until the agreement to purchase was va-cated5 the plaintiff had, under the terms, a temporary property in the vendor’s abstract of title, and the defendant’s refusal to restore it was a wrongful conversion. In Lenoir vs. Sylvester, 1 Bail. 633, it was held that the *15 executor of the tenant for life might, under the Act of 1789, (a) recover, in trover, the hire of negroes between the first of March and end of December. The motion is granted.
Richardson, O’Neall, Evans, Butler and Ward-law, JJ. concurred. •

 5 Stat. 111.